Filed 8/23/24  P. v. Burton CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082518 |
| v. | (Super.Ct.No. FBA1000492) |
| DEREK TYRONE BURTON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John P. Vander Feer, Judge.  Affirmed.

Derek Tyrone Burton, in pro. per.; and Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Derek Tyrone Burton appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code[1] former section 1171.1 (now section 1172.75).[2] For the reasons set forth *post*, we affirm the trial court's order.

## STATEMENT OF THE CASE

On May 16, 2011, "[a] jury convicted defendant of one count of first degree residential burglary (§ 459, count 1). Following a bifurcated trial on defendant's priors, the jury found that he had two prior strike convictions (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)), and two prior serious felony convictions (§ 667, subd. (a)(1))." (*People v. Burton* (Apr. 3, 2014, E059285) [nonpub. opn.] (*Burton*).)

On August 19, 2011, the trial court sentenced defendant to an indeterminate term of 25 years to life on the burglary conviction, plus five years on one of the prior felony conviction findings. The court struck the second prior conviction finding. The abstract of judgment indicated that the five-year enhancement was imposed under section 667, subdivision (a)(1).

"On June 13, 2013, defendant filed an in pro. per. petition for resentencing under section 1170.126. The court denied the petition because defendant's current conviction was for a serious offense, which made him ineligible for resentencing. (§ 1170.126, subd. (e)(1).)" (*Burton*, *supra*, E059285.) On appeal, we affirmed the court's order. (*Ibid.*)

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Former section 1171.1 was later amended and renumbered as section 1172.75. (Stats. 2022, ch. 58, § 12.) Former section 1171.1 will be referred to as section 1172.75.

On July 28, 2023, defendant filed a petition for resentencing under section 1172.75. Defendant alleged that he was eligible for resentencing because he had been sentenced to enhancements under Penal Code section 667.5, subdivision (b), and Health and Safety Code section 11370.2.

On September 8, 2023, the trial court held that defendant was ineligible for relief as a matter of law because he had not been sentenced to any enhancements under either Penal Code section 667.5, subdivision (b), or Health and Safety Code section 11370.2.

On November 2, 2023, defendant filed a timely notice of appeal.

## DISCUSSION

Counsel has filed a brief under the authorities of *People v. Wende* (1979) 25 Cal.3d 436, *Anders v. California* (1967) 386 U.S. 739 (*Anders*), and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). In the brief, pursuant to *Anders*, appellate counsel has identified the following issue to assist the court in its search of the record for error: "Did the trial court err when it denied [defendant's] petition to be resentenced under section 1171.1 (1172.75)?" (All caps omitted.)

On April 9, 2024, we sent notice to defendant regarding the filing of a *Delgadillo* brief, as follows: "Counsel for appellant has filed a brief stating no arguable issues can be found. Because this is an appeal from the denial of a post-conviction proceeding, this court is not required to conduct an independent review of the record but may do so in its discretion. (*People v. Delgadillo* (2022) 14 Ca1.5th 216 []; *People v. Serrano* (2012) 211 Ca1.App.4th 496.) The appellant is personally granted 30 days to file any supplemental

3

brief deemed necessary. If appellant files a supplemental brief, this court will evaluate the specific arguments presented in that brief in its opinion. (*Delgadillo*, *supra*, 14 Ca1.5th 216[].) Failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned."

On July 15, 2024, defendant filed a four-page supplemental brief with attachments. In the brief, defendant asks this court "to consider exercising plenary [discretion] to recall and vacate [defendant's] severe sentence and conviction pursuant to AB #600 of 2023, effective on January 2024 . . . ." Defendant then contends that he "had no right to petition/motion the court for any relief pursuant to § 1171.1 (1172.75) as amended."[3]

In this case, defendant's appeal stems from the trial court's denial of defendant's petition for resentencing under section 1172.75. On appeal, we lack jurisdiction to consider issues outside of the denial of defendant's petition for resentencing under section 1172.75. Therefore, we cannot consider the motion included with defendant's supplemental brief.

Based on the above and our independent review of the record, we find that the trial court correctly determined defendant is ineligible for relief under section 1172.75. (*Delgadillo*, *supra*, 14 Cal.5th at p. 233.)

---

[3] We note that defendant has included a motion for recall of sentence under section 1385 as part of his supplemental brief.

## DISPOSITION

The trial court's order denying defendant's section 1172.75 petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

J.

We concur:

RAMIREZ

P. J.

FIELDS

J.